IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHASS JOSEPH JOEL KEKA, et al., | ) ) ) | CIVIL NO. 09-00222 ACK-LEK |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION |
| vs. | ) ) | |
| JOSEPH P. FLORENDO JR., MELVIN H. FUJINO, RONALD IBARRA, R. EVANGELISTA, JAY T. KIMURA, | ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER DISMISSING PETITION

Petitioner Chass Joseph Joel Keka,[1] a pre-trial detainee in the Hawaii state courts, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Keka argues that he is not subject to arrest, trial, or imprisonment in the State of Hawaii because he is a citizen of the Kingdom of Hawaii.  For the following reasons the Petition is DISMISSED without prejudice.

### I.  BACKGROUND

On May 8, 2009, the Family Court of the Third Circuit, State of Hawaii, issued a bench warrant for Keka's arrest.

---

[1] The Petition names five petitioners: (1) Kingdom of Hawaii, I.E. Hawaii, De jure Government; H.M. King Namona Akahai Kea Na Aina, Heir to Kamehameha Monarch; H.E. Thomas Anthony, Attorney General, Kingdom of Hawaii; H.E. Alapaleka Spinney, Prime Minister, Kingdom of Hawaii; and Keka.  Because Keka is apparently the only named person subject to custody, however, he is the de facto petitioner.

(Pet'r Ex. B.)  Keka was charged with contempt of court for
failure to appear at a scheduled hearing on April 22, 2009.
Bail, set at $5,000, was forfeited.  On May 14, 2009, Keka
appeared at the arraignment and plea proceeding.  (*Id.*)  Keka
waived his right to an attorney after a full colloquy with the
Honorable Melvin H. Fujino.[2/]  The matter was continued until
June 10, 2009, for entry of a plea.  On May 13, 2009, Keka filed
a similar petition for writ of habeas corpus in the state court.
(*See* Pet'r Proof II-Proof V.)

## II.  **LEGAL STANDARD**

Section 2241 empowers a district court to issue a writ
of habeas corpus before a judgment is entered in a criminal
proceeding if the petitioner is in custody in violation of the
Constitution or laws or treaties of the United States, or if the
petitioner is a citizen of a foreign state and is in custody "for
an act done or omitted under any alleged right . . . of any
foreign state[.]"  28 U.S.C. § 2241(c)(3-4).  "If it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court, the
judge must dismiss the petition and direct the clerk to notify
the petitioner."  Rule 4, of the Rules Governing Section 2254

---

[2/]It appears that the original charge against Keka involved
a traffic offense involving an ATV (all-terrain vehicle).  (*See*
Pet'r Ex. B.)  The Petition gives no details regarding Keka's
original citation or arrest.

Cases in the United States District Courts.[3/]

### III.  **DISCUSSION**

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Courts have "long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to

---

[3/]Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."  Subsection 1(a) applies to habeas petitions filed under § 2254.  The Court therefore applies the Rules Governing Section 2254 Cases to Keka's habeas corpus action filed pursuant to 28 U.S.C. § 2241.

forego the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 539 (1976).  In the habeas context, Younger abstention promotes both the interests of comity and judicial economy.  A habeas petitioner may be acquitted at trial, or on appeal, thereby mooting the federal issue in the petition. *Sherwood v. Thompson*, 716 F.2d 632, 634 (9th Cir. 1983).

Younger abstention is appropriate in favor of a state proceeding if four criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims; and (4) "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. California Horse Racing Board*, 332 F.3d 613, 617 (9th Cir. 2003); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).  An exception to Younger exists if petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *San Jose Silicon Valley Chamber of Commerce PAC*, 546 F.3d at 1092(quoting *Middlesex*, 457 U.S. at 435); *Partington*

*v. Gedan*, 961 F.2d 852, 861 (9th Cir. 1992) (referring to the "bad faith and harassment exception" to Younger abstention).

Here, all four criteria for Younger abstention are met with respect to the criminal proceeding still pending against Keka. First, there is an ongoing state criminal proceeding. *See Huffman v. Pursue Ltd.*, 420 U.S. 592, 608-09 (1975) (holding that state proceedings are ongoing if appellate remedies have not been exhausted); *Mission Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359, 360-61 (9th Cir. 1993) (holding that the pendency of the state proceedings is determined at the time the federal complaint is filed), *overruled on other grounds by*, *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (holding that review of district court's decision to abstain under Younger is subject to de novo review, rather than review for abuse of discretion).

Second, Keka's proceeding implicates Hawaii's important state interest in regulating vehicles, enforcing state criminal statutes, and providing for the public welfare through those statutes. *See Baffert*, 332 F.3d at 618 (stating, "[t]he importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case[,]" and holding that a state's interest in preserving the integrity of horse racing is an important state interest).

Third, Hawaii's state courts are courts of general

jurisdiction, able to adjudicate important constitutional issues. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that the federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary.")  Keka therefore has an adequate means of litigating any constitutional concerns he has in the state court.

Finally, a declaration by this court that the state court has no jurisdiction to prosecute Keka, as a putative citizen of the Kingdom of Hawaii, would have the immediate and practical effect of enjoining the ongoing state prosecution.

All four Younger requirements are therefore satisfied, and abstention is required unless an exception applies.  Younger exceptions are few and far between.  "Only in the most unusual circumstances is the defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972).

Keka has failed to show the type of special circumstances that warrant federal intervention.  Nor has he shown any bad faith or harassment by state officials, or that he will be irreparably injured by waiting until the conclusion of the Hawaii criminal proceeding to assert his claims.  Keka fails

to demonstrate the extraordinary circumstances necessary to justify the federal court's interference in the ongoing state proceedings.  This action is summarily dismissed without prejudice.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, May 22, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Keka v. Florendo, et al.*, Civ. No. 09-00222 ACK; Order Dismissing Petition; pro se attys/ Habeas/DMP/2009/Keka 09-222 ACK (Younger abstention)